UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONORA NUNLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV1704 TIA |
| ) | |
| BARNES JEWISH HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I. Background**

Plaintiff is a former employee of Defendant Barnes Jewish Hospital ("BJH"). BJH terminated Plaintiff's employment on February 15, 2007. On February 21, 2007, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and with the Equal Employment Opportunity Commission ("EEOC"). (First Amended Complaint, ¶¶ 6, 7) Plaintiff claimed that she was subjected to discrimination on the basis of race, retaliation, and disability. Specifically, Plaintiff asserted that between May 18, 2006 and February 15, 2007, BJH took adverse employment actions against her due to her race and in retaliation for a prior complaint regarding racial discrimination. In addition, Plaintiff contended that BJH denied her reasonable accommodation for her disability. Plaintiff was discharged on February 15, 2007 for poor job performance. (Complaint, Exh. 1; First Amended Complaint, Exh. 1) Plaintiff received Notice of Right to Sue from the EEOC

on August 6, 2008.[1] (First Amended Complaint, Exh. 1) In addition, Plaintiff's Notice of Right to Sue from the MHRC was dated August 7, 2008. The Notice stated that Plaintiff must file suit "within 90 days of the date of this notice or your right to sue is lost." (Complaint, Exh. 1; First Amended Complaint, Exh. 1)

On November 6, 2008, Plaintiff filed a Complaint in federal court, alleging that she was wrongfully terminated and harassed on the basis of race and disability, and in retaliation for her complaints about BJH's unlawful behavior under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and the Americans with Disabilities Act or 1990, 42 U.S.C. § 12101 et seq. ("ADA"). On January 9, 2010, this Court granted Plaintiff's Motion to Proceed in forma pauperis and ordered Plaintiff to file an amended complaint and attach a copy of her EEOC Right to Sue Notice. Plaintiff filed her First Amended Complaint on February 11, 2009, alleging discrimination based on race, disability, and retaliation under Title VII, the ADA, and the Missouri Human Rights Act ("MHRA"). The Court ordered the Clerk to issue process on June 5, 2009.

On November 3, 2009, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint, asserting that Plaintiff failed to file her Complaint within 90 days of receiving her Notice of Right to Sue from the EEOC. In addition, Defendant contends that Plaintiff's claims under the

---

[1] The letter was mailed on July 31, 2008. However, Plaintiff claims that she did not receive the letter until August 6. Courts presume that a plaintiff received notice of right to sue within three days of mailing when the actual date is disputed or unknown. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984); see also Kovtun v. Trotter Floor Cleaning Servs., Inc., No. 4:08CV3179, 2009 WL 113879, at *2 (D. Neb. Jan. 16, 2009); Reynolds v. Arkansas Dept. of Corr., No. 5:07CV00168 JLH, 2008 WL 2857531, at *2 (E.D. Ark. July 21, 2008); Rich v. Bob Downes Chrysler Plymouth, Inc., 831 F. Supp. 733, 735 (E.D. Mo. 1993). However, whether the Court applies this presumption or accepts as true Plaintiff's alleged date of receipt does not affect the disposition of the Defendant's Motion to Dismiss. Therefore, for purposes of clarity, the Court will presume that Plaintiff received her Notice of Right to Sue on August 6, 2008.

2

MHRA are untimely, as she did not file her complaint within ninety days of the issuance of the Notice of Right to Sue. In response, Plaintiff argues that her claims under Title VII, the ADA, and the MHRA are timely.

## II. Legal Standards

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch &

Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

### III. Discussion

### A. Title VII and ADA Claims

Plaintiff asserts that she filed a charge of disability discrimination, race discrimination, and retaliation with the EEOC on February 21, 2007, and she received her Notice of Right to Sue on August 6, 2008. She further alleges that she filed her lawsuit on November 6, 2008. Plaintiff contends this satisfies the ninety day time limitation for filing suit. Defendant, on the other hand, argues that Plaintiff filed her Complaint at least two days out of time.

After receipt of a Notice of Right to Sue from the EEOC, a plaintiff complaining of discrimination has 90 days to file suit in federal court. Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008) (citations omitted). "Failure to file within 90 days bars the action, unless the plaintiff can establish a basis for equitable tolling or equitable estoppel." Id. "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a deadline are out of [her] hands." Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) (citation omitted).

The undersigned finds that Plaintiff filed her Complaint outside of the 90 day statute of limitations and is therefore barred from presenting her Title VII and ADA claims. As Defendant correctly states, if indeed Plaintiff received her Notice on August 6, 2008, she had until November 4, 2008 to file her claims in federal court. This calculation accounts for 31 days in the months of August and October. Therefore, she filed her Complaint two days late, thus rendering her claims untimely and subject to dismissal. See Lucas v. Brown & Root, Inc., 736 F.2d 1202, 1203 (8th Cir. 1984) (dismissing plaintiff's Title VII claim as untimely where plaintiff filed on the 91st day after receiving her right-to-sue letter).

4

The undersigned additionally finds that Plaintiff is unable to demonstrate that equitable tolling is appropriate. Indeed, she states in her response that she calculated the 90 day time frame from the time she received the letter on August 6, 2008 and timely filed on November 6, 2008. She does not present any evidence showing that circumstances beyond her control prevented her from filing on November 4, 2008, the 90th day after receipt of the Notice. Therefore, Plaintiff's claims under Title VII and the ADA are untimely and will be dismissed because Plaintiff is unable to state a claim upon which relief can be granted.

### B. MHRA Claims

Plaintiff also raises a claim under the Missouri Human Rights Act in her First Amended Complaint. Plaintiff asserts that the Amended Complaint, filed on February 11, 2009, relates back to the original Complaint, filed November 6, 2008, and is therefore timely. Defendant, on the other hand, contends that Plaintiff's Complaint under the MHRA is time-barred regardless of whether the Court deems the filing date as February 11, 2009 or November 6, 2008.

At the outset, the undersigned finds that Plaintiff's First Amended Complaint relates back to the original filing date of November 6, 2008. Federal Rule of Civil Procedure 15(c) provides, "An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . ." Fed. R. Civ. P. 15(c)(1)(C). The rationale behind this rule is that "'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" Maegdlin v. Int'l Ass'n of Machinists and Aerospace Workers, Dist. 949, 309 F.3d 1051, 1052 (8th Cir. 2002) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984)).

Here, although Plaintiff's original Complaint did not contain an MHRA claim, the claim arose out of the same alleged conduct set forth in her original pleading. Not only does the MHRA claim echo the claims under Title VII and the ADA, but Plaintiff also attached her Charge of Discrimination and Notice of Right to Sue under the MHRA to her Complaint. (Complaint, Exh. 1) As such, the undersigned finds that Plaintiff's original Complaint "provided Defendant with fair notice of the allegations underlying Plaintiff's MHRA claim," and therefore, her MHRA claims relate back to the Complaint filed on November 6, 2008. Riley v. U.S. Bank, No. 4:08CV00206 ERW, 2009 WL 2757048, at *9 (E.D. Mo. Aug. 26, 2009).

However, even considering November 6, 2008 as the filing date for Plaintiff's MHRA claim does not save her claim from dismissal. Unlike Title VII claims, the MHRA requires a complainant to file a complaint within 90 days of the date of the Notice of Right To Sue or the right to sue is lost. Hammond v. Mun. Corr. Inst., 117 S.W.3d 130, 139 (Mo. Ct. App. 2003). Further, "any suit under the Missouri Human Rights Act filed beyond ninety days after the date of the right-to-sue letter is not timely . . ." Id. In Hammond, the Missouri Court of Appeals found that Missouri statute clearly stated that the ninety day statute of limitations under the MHRA begins to run from the date on the Notice of Right to Sue letter, and not from the date of receipt. Id. The Hammond court affirmed the lower court's dismissal of the plaintiff's MHRA claim, as he filed his original petition ninety-one days after the Missouri Commission on Human Rights issued the right to sue letter. Id. at 134, 140.

Likewise, Plaintiff's claim under the MHRA is untimely and must be dismissed. The date on Plaintiff's Notice of Right to Sue is August 7, 2008. She filed her Complaint in federal court on November 6, 2008, ninety-one days after the date on her letter. As previously stated, the months of August and October contain 31 days. In addition, the Court reiterates that Plaintiff is unable to

6

demonstrate that equitable tolling would be justified in this case. Therefore, the undersigned will dismiss Plaintiff's MHRA claim as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #16] is **GRANTED.** A separate Judgment shall accompany this Memorandum and Order.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this   29th   day of July, 2010.